**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN DIVISION**

| | |
|---|---|
| JUNE GERMINARIO )<br>)<br>**Plaintiff,** )<br>)<br>)<br>v. )<br>)<br>)<br>GLOBAL CLIENT SOLUTIONS, L.L.C.; )<br>LEGAL HELPERS DEBT RESOLUTOION, )<br>L.L.C. a/k/a THE LAW FIRM OF MACEY, )<br>ALEMAN, HYSLIP AND SEARNS; JOHN )<br>DOE(S) 1-100, said name of John Doe(s) )<br>being fictitious )<br>)<br>**Defendants.** )<br>) | **Case No.:**<br>**(Removed from the Superior Court of New Jersey, Burlington County)** |

**DEFENDANT GLOBAL CLIENT SOLUTIONS, LLC'S
<u>NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, *et seq*., Defendant Global Client Solutions, LLC ("Global") hereby gives notice of the removal to this Court of the civil action styled *June Germinario v. Global Client Solutions, L.L.C. et al.*, Docket No. BUR-L-000611-19, currently pending in the Superior Court of New Jersey, Law Division, Burlington County, to the United States District Court for the District of New Jersey, Camden Division, and in support thereof, states as follows:

**I. <u>Background</u>**

1.  Plaintiff June Germinario ("Plaintiff") commenced this action by filing her Complaint on March 20, 2019, in the Superior Court of New Jersey, Law Division, Burlington

1

County Law. On April 11, 2019 service of process was acknowledged by Global.[1]

2.      This case concerns Plaintiff's entering into a debt settlement program with Legals Helpers Debt Resolution, L.L.C. a/k/a The Law Firm of Macey, Aleman, Hyslip, and Searns ("LHDR") for the purpose of restructuring Plaintiff's debt. At the time Plaintiff hired LHDR, Plaintiff had over $22,544.00 in unsecured debt owed to her creditors.[2]

3.      Plaintiff's Complaint asserts six causes of action against Defendants: (1) violations of the New Jersey RICO law, (2) violations of the New Jersey Consumer Fraud Act ("Fraud Act"), (3) violations of the New Jersey Debt Adjustment and Credit Counseling Act ("Debt Adjustment Act"), and the Money Transmitters Act, (4) Civil Conspiracy, (5) Illegal Contract and Unjust Enrichment, and (6) Unconscionability.

4.      Global is the only party to which service has been completed in the state action. The remaining named Defendant, LHDR is no longer in operation, and it has not been served with process. As such, their consent to removal of this action is not needed.[3]

5.      The Superior Court of New Jersey, Law Division, Burlington County, the court in which the State Court Action is pending, is located within the jurisdiction of the United States District Court for the District of New Jersey, Camden Division.

6.      The time period during which Global is required by 28 U.S.C. § 1446(b) to file this Notice of Removal has not yet expired.

**II.     Basis for Jurisdiction**

---

1.  *See* Exhibit A ("Acknowledgment of Service").
2.  *See* Exhibit B ("Amended Complaint"), ¶ 2.
3.  28 U.S.C. § 1446(2)(a) provides that a removing party must acquire the consent of all properly joined and served parties in order to remove. The state docket does not reflect that service of process has been properly completed with respect to LHDR, nor can it be, as the entity is no longer in operation.

7. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1332. This action for monetary and equitable relief could have originally been filed in this Court because complete diversity of citizenship exists between Plaintiff and all Defendants, and the value of the matter in controversy, exclusive of interest and costs, exceeds $75,000.00.[4]

### III. Diversity of Citizenship

8. The diversity of citizenship requirement is met in this case, as the Plaintiff does not have the same citizenship as any Defendant.

9. Plaintiff, an individual, resides in Sussex, New Jersey. Thus, Plaintiff is a citizen of the State of New Jersey.[5]

10. Global is a limited liability company, formed under the laws of the State of Oklahoma. Global is a wholly-owned subsidiary of Global Holdings, LLC ("Global Holdings") (Global Holdings, LLC is Global's only member). Global's principal place for the conduct of its business is located at 4343 South 118th East Avenue, Suite 220, Tulsa, OK 74146. Global's officers are located at the 4343 South 118th East Avenue location, and that is where the activities of the company are directed and controlled. Global's principal place of business, its headquarters, and the location where its officers direct, control, and coordinate the company's activities (including meetings) are in Oklahoma. In addition, the executive and administrative functions, including policy and planning, are performed in Oklahoma. The policies and procedures integral to Global's business operations are reviewed and vetted in Oklahoma. As a result and through the citizenship of its only member, Global is a citizen of several states,

---

4. 28 U.S.C. § 1332.
5. *See* Exhibit B, ¶ 1.

3

including Oklahoma, Florida and others, but not New Jersey. Global's citizenship is further explained in the Declaration of Brent Hampton.[6]

11.     LHDR was a limited liability company organized under the laws of Nevada, with its principal place of business in Chicago, Illinois. LHDR had three individual members; Thomas Macey, a resident of the State of Illinois, Jeffrey Alemon, also a resident of the State of Illinois, and Jason Searns, a resident of the State of Colorado. Thus, LHDR was a citizen of Illinois and Colorado.

### IV.     Value of the Amount in Controversy

12.     Based on the allegations in the Complaint, the value of the matter in controversy exceeds the sum of $75,000.00,[7] exclusive of interest.[8] The burden is on Global to establish by a preponderance of the evidence that the jurisdictional requirements are met.[9] The general rule is to decide the amount in controversy from the Complaint itself.[10]

13.     Since Plaintiff does not specifically state in the Complaint that the amount in controversy is less than $75,000, the case can be removed unless it appears to a legal certainty that Plaintiff cannot recover more than $75,000.[11]

14.     In each of Plaintiff's claims, Plaintiff seeks (1) compensatory damages, (2) punitive damages, (3) attorneys' fees, and (4) treble damages.[12] Plaintiff does not allege a

---

6.     Declaration of Brent Hampton, Esq. accompanying this Petition. ¶¶ 2-5.
7.     Defendant does not admit, however, that Plaintiff is entitled to damages, any of the relief requested, or attorneys' fees and costs. Plaintiff has, nonetheless, made such claims and demands and placed them before the Court in their Amended Complaint, making Global's recitation here of such issues and allegations sufficient to satisfy Global's obligation to show that the sum or value of the matter in controversy exceeds the jurisdictional threshold.
8.     28 U.S.C. 1332(a)(1).
9.     *See USAA Casualty Ins. Co. v. CIT Bank, N.A.*, No. 17-7454 (JMV) 2018 WL 3213324 at * 2 (D.N.J. May 15, 2018).
10.    *See Angus v. Shiley*, 989 F.2d 142, 145 (3rd Cir. 1993).
11.    *See Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 397 (3d Cir. 2004).

Case 1:19-cv-12447-RMB-KMW   Document 1   Filed 05/10/19   Page 5 of 11 PageID: 5

specific sum in damages. Nevertheless, from the face of the Complaint it is clear that the jurisdictional amount is met.

15. Plaintiff alleges that Global dispersed a total of $4,888.23 in illegal fees to itself and others.[13] Plaintiff's actual damages alleged in the Complaint are thus **$4,888.23.**[14] Plaintiff has requested that these damages be trebled, under both the New Jersey RICO Act and the Fraud Act,[15] giving rise to a damage claim of **$14,664.69**, before the addition of Plaintiff's attorney's fees recoverable under both statutes.

16. Additionally, Plaintiff asserts she is entitled to an award of punitive damages. Punitive damages are recoverable under Plaintiff's civil conspiracy claim.[16] An award of punitive damages can be as high as five times the liability of any defendant, up to $350,000.00.

17. Plaintiff alleges that Defendants created and operated a plan to illegally engage in the debt adjustment business in New Jersey.[17] Plaintiff further alleges that Defendants misled consumers in New Jersey, and engaged in the unlawful practice of law.[18] Based on the allegations against all Defendants set forth in the Complaint, a jury could conclude that Plaintiff is entitled to punitive damages.

18. Based on the amounts at issue, punitive damages could be as high as **$24,441.15**.

19. Plaintiff further alleges that all Defendants have violated the Debt Adjustment Act and Plaintiff is entitled to damages pursuant to N.J.S.A. 17:16G-8, which provides that a debtor

---

12. *See generally See* Exhibit B, pgs. 15-21.
13. *See* Exhibit B, ¶ 7.
14. *See* Exhibit B, ¶ 7.
15. *See* N.J.S.A.56:8-19; N.J.S.A. 2C:41-4(a)(8).
16. *See Cataldo v. Moses*, No. A-4943-04T3, 2006 WL 1450382, at *13 (N.J. Super. Ct. App. Div. May 26, 2006) (finding punitive damages may be recovered under a civil conspiracy claim).
17. *See* Exhibit B, ¶ 29.
18. *See* Exhibit B, ¶¶ 26, 30

may bring a civil action under the Debt Adjustment Act to recover $1,000.00 for the first violation, and not more than $5,000.00 for each subsequent violation.[19]

20.   Plaintiff's Complaint alleges that all Defendants acted as "Debt Adjusters" in violation of the Debt Adjustment Act. Thus, Plaintiff alleges damages of **$1,000.00** against each Defendant, totaling **$2,000.00**.

21.   Plaintiff's Complaint further alleges that all Defendants violated the New Jersey Money Transmitters Act.[20] According to N.J.S.A. 17:15C-22, the civil penalty enforced for violating the Money Transmitters Act is an amount, not to exceed $5,000.00. Thus, Plaintiff alleges damages of **$5,000.00** against each Defendant, totaling **$10,000.00**.

22.   Plaintiff alleges that all Defendants acted in concert to create a basic plan and operating procedure to engage in the debt adjustment business.[21] Such a finding would make all Defendants jointly and severally liable for the aggregated amount of actual damages and punitive damages under the civil conspiracy claim.[22]

23.   Plaintiff therefore asserts a claim for actual and punitive damages amounting to as much as **$41,329.38**, which comprises its actual damages (**$4,888.23**), its punitive damages (**$24,441.15**), and its statutory damages (**$12,000.00)** may be considered for the purposes of calculating the amount in controversy, without taking into account Plaintiff's claim for attorneys' fees.[23]

---

19.   *See* Exhibit B, ¶¶ 48, 49.
20.   *See* Exhibit B, ¶¶ 22, 48-49.
21.   *See* Exhibit B, ¶¶ 51-52.
22.   *See Fourteen Florence St. Corp. v. Armenia Coffee Corp.*, No. A-3097-10T2, 2013 WL 3466540, at *17 (N.J. Super. Ct. App. Div. July 11, 2013); *Bd. of Ed. of City of Asbury Park v. Hoek*, 38 N.J. 213, 238, 183 A.2d 633, 646 (1962) ("[p]roof of a conspiracy makes the conspirators jointly liable for the wrong and resulting damages")
23.   *See Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004) *superseded on other grounds by Marshall v. Marshall*, 547 U.S. 293 (2006) (approving of aggregating a

24. In addition, the RICO Act and Fraud Act both provide for Plaintiff, if she prevails, to recover attorneys' fees.[24] If Plaintiff is successful, an award of attorneys' fees is mandatory.[25]

25. In *Venuto*, this Court denied a motion to remand in a similar case removed on the basis of diversity jurisdiction, where attorneys' fees and punitive damages contributed to satisfying the jurisdictional threshold.[26] The Complaint in that case facially alleged $14,900 in compensatory damages. When trebled under the Fraud Act, the claims amounted to $44,700. The Court concluded that it did not appear to a legal certainty that Plaintiff could not recover the jurisdictional minimum when attorneys' fees and punitive damages were added to the trebled figure.[27]

26. In comparably complex RICO and Fraud Act cases, courts have awarded significant attorneys' fees.[28] Even where fees are reduced, as in, for instance, the *Doe v. Bank of America, N.A.*, case, plaintiffs recovered $58,555.00 in attorneys' fees under the Fraud Act.[29]

---

plaintiff's claims against multiple defendants for amount in controversy purposes when the defendants are jointly and severally liable). *See also Resolution Mgmt. Consultants, Inc. v. Hickey*, No. CIV.A. 10-6243 RMB, 2011 WL 2609854, at *6 (D.N.J. June 29, 2011). Plaintiff also requests treble damages (**14,664.49**), which could be granted only alternatively to the punitive damages available to her under the civil conspiracy claim.
24. *See Venuto v. Atlantis Motor Grp.*, LLC, No. 17-cv-3363 (RBK), 2017 WL 4570283, at *3 (D.N.J. Oct. 13, 2017) ("[f]or purposes of calculating the amount in controversy, reasonable attorneys' fees and punitive damages must be counted if they are available under state law.").
25. *Id.*
26. *Id.* at *3-*4.
27. *Id.*
28. *See e.g., Jacobs v. Mark Lindsay & Son Plumbing & Heating, Inc.*, No. A-3854-16T1, 2019 WL 692120, at *8 (N.J. Super. Ct. App. Div. Feb. 20, 2019) (reversing lower court where only $19,800 in fees were awarded opposed to the $247,701 sought); *Singer v. Cozzino*, No. A-2038-14T3, 2016 WL 3245348, at *4 (N.J. Super. Ct. App. Div. June 14, 2016) (affirming award of $119,363.14 under N.J. RICO Act);
29. *See Doe v. Bank of Am., N.A.*, No. 16-cv-3075, 2018 WL 5005004, at *6 (D.N.J. Oct. 15, 2018) (recovery of attorneys' fees was reduced to reflect the percentage of success in the action).

27.     The figures presented in *Venuto* are similar to the figures in this case. Plaintiff has alleged claims that could amount as high as $41,329.70 against all Defendants before adding the recovery of attorneys' fees. Like in *Venuto*, it is not a legal certainty that Plaintiff will not recover the jurisdictional minimum when attorneys' fees are added based on the awards in cases with similar claims. Even when adding the reduced attorneys' fee figure arrived at in *Doe*, the total recovery alleged against Defendants would be $**99,884.38**.

28.     In addition, although Plaintiff dropped her direct demands for injunctive relief in the form of freezing all of Global's assets, wherever held, and in preventing Global from conducting any further business in the State of New Jersey[30], the relief which Plaintiff's Amended Complaint seeks, if granted, and any judicial findings resulting therefrom, will necessarily have an adverse if not preclusive impact on Global continuing business in New Jersey.[31] As dropping her demand for such relief reflects the only significant change in Plaintiff's Amended Complaint, it can be presumed this was done to avoid removal.[32] Therefore, this should still be considered in the amount in controversy calculus.

---

30.     *See* Composite Exhibit C, "Complaint", pg 15-16. ¶¶ C, D.
31.     Plaintiff filed an Amended Complaint on May 6, 2019. A copy of the Plaintiffs' Amended Complaint is attached hereto as "Exhibit B"
32.     *See generally*, *Angus* 989 F.2d at 145 (denying consideration of plaintiffs' post-removal amended complaint filed in an effort to prevent removal). Although the Amended Complaint in this action was filed prior to removal, the purpose behind the amendment is identical to the purpose behind amendment in *Angus*. *See id.*

Counsel for Plaintiff currently maintains three other near-identical suits against Global in New Jersey, two of which have already been removed to the Federal District Court for the District of New Jersey, Camden Division, on the basis of diversity jurisdiction. All four actions originally sought the same injunctive relief as was requested in Plaintiff's Complaint. Plaintiff's counsel is well aware of the impact an adverse ruling in these suits can have on Global's business in New Jersey, and the omission of direct requests for such relief can thus only be seen as an effort to resist removal. Regardless, this case meets the amount in controversy even prior to adding in the value of the injunctive relief.

29. Courts consider injunctive relief when calculating the amount in controversy by valuing the object in litigation.[33] In the Third Circuit, the value of the injunctive relief is "the value of the rights which the plaintiff seeks to protect."[34] Here, Plaintiff seeks in substantial part to stop Global from conducting any business in the State of New Jersey.[35]

30. Global's business is the opening and administration of special purpose accounts ("SPAs") and/or dedicated account ("DAs") used, among other things, to make payments to consumers' creditors who have contracted with debt management companies and have requested that Global open and manage an account to be used for that purpose. Thus, for purposes of evaluating the amount in controversy in this case, the funds held in the accounts of Global's New Jersey account holders and the fees those account holders pay to Global for account administration must be considered.

31. Thus, measuring the value of the injunctive relief starts with the value of all funds held by Global in SPAs and DAs on behalf of New Jersey account holders.[36]

32. That amount, as of the date of this filing, exceeds **$19,000,000.00.**[37] This figure is thus considered when examining the amount in controversy. Likewise, the disruptive impact on the hundreds of New Jersey account holders must be part of the calculus. This only further assures that the amount in controversy exceeds the jurisdictional threshold.

---

33. *Hunt v. Wash. State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977); *Columbia Gas Transmission Co. v. Tarbuck*, 62 F.3d 538, 542 (3rd Cir. 1995); *USAA Casualty Ins. Co.*, 2018 WL 3213324 at * 4.
34. *See Columbia Gas Transmission Co.*, 62 F.3d at 539; *USAA Casualty Ins. Co.*, 2018 WL 3213324 at * 4.
35. *See* Composite Exhibit C, Complaint, pg. 15, ¶ C.
36. This measurement is in accordance with the Third Circuit's perspective on injunctive relief. *See Columbia Gas Transmission Co.*, 62 F.3d at 539.
37. Declaration of Brent Hampton, ¶ 6.

33. For the reasons set forth above, Global respectfully removes the State Court Action from the Superior Court of New Jersey, Law Division, Burlington County, to this Honorable Court.

## V. Rule of Unanimity is Satisfied

34. A party that seeks to remove an action from state court to federal court must abide by the procedural requirements set out in 28 U.S.C. § 1446, requiring that all defendants unanimously join in or consent to removal within 30 days of service of the Complaint on each of such defendants. As the removing party, Global consents to the removal of this action. As explained above, Global was not required to acquire the consent of LHDR.

## VI. Removal is Timely Filed and Notice Has Been Given

35. This Notice of Removal is timely filed within thirty (30) days of Global's acceptance of service of the Summons and Complaint, and within one year after the commencement of the action, as permitted by 28 U.S.C. § 1446(b).[38]

36. As required by 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly served on Plaintiff, and a copy will be promptly filed with the Clerk of the Superior Court of New Jersey, Law Division, Burlington County.

## VII. Pleadings and Process

As required by 28 U.S.C. § 1446(a), Global has attached copies of all state court "process, pleadings, and orders" served upon it in the Superior Court to this Notice of Removal.[39]

## VIII. Venue

Venue for Removal is proper in this Court pursuant to 28 U.S.C. § 1446(a), because this

---

38.  28 U.S.C. § 1446(b).
39.  *See* Composite Exhibit C.

action is currently pending in the Superior Court of New Jersey, Law Division, Burlington County, which is in the same District as the United States District Court for the District of New Jersey, Camden Division.

### IX. Non-waiver of Defenses

Nothing in this Notice shall be interpreted as a waiver or relinquishment of the Defendants' right to assert any defense or affirmative matter, including, without limitation, motions to dismiss pursuant to Federal Rule of Civil Procedure 12 or a motion to compel arbitration.

### X. Conclusion

Defendant respectfully requests that this matter be removed from the Superior Court of New Jersey, Law Division, Burlington County to the United States District Court for the District of New Jersey, Camden Division based upon diversity jurisdiction. This Notice of Removal has been timely filed. Therefore, removal is proper and this action should proceed before this Court.

Dated: May 10, 2019.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　By: */s/ Erik Berglund*

　　　　　　　　　　　　　　　　　　　Erik Berglund
　　　　　　　　　　　　　　　　　　　erik.berglund@gmlaw.com
　　　　　　　　　　　　　　　　　　　N.J. Bar No.: 104242014
　　　　　　　　　　　　　　　　　　　Greenspoon Marder LLP
　　　　　　　　　　　　　　　　　　　590 Madison Avenue, Suite 1800
　　　　　　　　　　　　　　　　　　　New York, New York 10022
　　　　　　　　　　　　　　　　　　　Telephone: 212.524.5000
　　　　　　　　　　　　　　　　　　　Facsimile: 212.524.5050